1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

THOMAS MILLER,

Case No. 18-cv-04685-JCS

Plaintiff,

8

9

v.

**REPORT AND RECOMMENDATION
RE SUA SPONTE REMAND**

10

JOHN SNAVELY,

Defendant.

11

12

13

## I.     INTRODUCTION

14

Defendant John Snavely, pro se, removed this unlawful detainer action from Contra Costa

15

Superior Court on the basis of federal question jurisdiction.  Because there is no federal

16

jurisdiction over this action, it is recommended that the Court remand this action sua sponte to the

17

Contra Costa Superior Court.  The parties have not consented to the jurisdiction of the

18

undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) and therefore this action shall be

19

reassigned to a district court judge for further action.  Any party that wishes to file an objection to

20

these recommendations may do so **no later than fourteen days after being served with a copy**

21

**of this Report.**

22

## II.     BACKGROUND

23

The removed action ("State Court Action") is for unlawful detainer and was filed by

24

Plaintiff Thomas Miller against Defendant John Snavely in Contra Costa Superior Court on July

25

17, 2018. *See* Notice of Removal, Ex. A. The face page of the Complaint states that the amount

26

demanded is "less than $10,000."  It appears that an earlier unlawful detainer complaint involving

27

the same parties was filed on June 4, 2018, but that action was dismissed.  Notice of Removal ¶¶

28

1, 6 & Ex. B.  Snavely removed the action to federal court on August 3, 2018 asserting that there

1    is federal question jurisdiction over the action under 28 U.S.C. § 1331.  He asserts that he "cannot

2    get a fair trial" in Contra Costa Superior Court and cites 28 U.S.C. § 1655 (allowing district courts

3    to order an absent defendant to appear in a case involving lien enforcement) and 42 U.S.C. §§

4    12181-12189 (prohibiting discrimination in public accommodations).

5    **III.    ANALYSIS**

6       **A.    Legal Standard**

7       Federal courts have limited subject matter jurisdiction, and may only hear cases falling

8    within their jurisdiction.  Generally, a defendant may remove a civil action filed in state court if

9    the action could have been filed originally in federal court.  28 U.S.C. § 1441.  The removal

10   statutes are construed restrictively so as to limit removal jurisdiction.  *Shamrock Oil & Gas Corp.*

11   *v. Sheets*, 313 U.S. 100, 108−09 (1941).  The Ninth Circuit recognizes a "strong presumption

12   against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks

13   omitted).  Any doubts as to removability should be resolved in favor of remand.  *Matheson v.*

14   *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  The defendant bears the

15   burden of showing that removal is proper.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th

16   Cir. 2004).  A district court may remand a case to state court sua sponte if it determines that

17   jurisdiction is lacking.  28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th

18   Cir. 2014).

19      **B.    Removal Was Not Proper Under 28 U.S.C. § 1331**

20      Federal question jurisdiction exists when the plaintiff's case arises under federal law.  28

21   U.S.C. § 1331. "A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded

22   complaint establishes either that federal law creates the cause of action or that the plaintiff's right

23   to relief necessarily depends on resolution of a substantial question of federal law.'"  *Proctor v.*

24   *Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice*

25   *Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)).   Under this "well-pleaded complaint"

26   rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense;

27   rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the

28   answer.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1086 (9th Cir.

2

2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

The single claim asserted by Plaintiff, for unlawful detainer, does not arise under federal law. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (holding that unlawful detainer action under California Code of Civil Procedure section 1161a did not arise under federal law). Further, Defendant's reliance on various federal statutes in the Notice of Removal does not establish the existence of a federal question because these statutes are, at most, grounds for asserting defenses or counterclaims to Plaintiff's claim. *See Provincial Gov't of Marinduque*, 582 F.3d at 1086.

## IV.    CONCLUSION

For the reasons stated above, the undersigned recommends that this case be REMANDED sua sponte to the Superior Court of California for the County of Contra Costa. Any party that wishes to file objections to this recommendation may do so within **fourteen days** of being served with a copy of this report. *See* 28 U.S.C. § 636(b). This case will be reassigned to a United States district judge for further proceedings.

**IT IS SO ORDERED.**

Dated: August 6, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge